# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2015

Lyle W. Cayce
Clerk

No. 14-60637

DONALD R. NAYLOR; ANTHONY JENKINS; JAMES E. BROWN;
SANDRA A. SKIPPER; MICHAEL DARDEN; LAWRENCE F. HATTEN;
BRANDON BOYD; DEMETRICK D. JOHNSON; CLINTON G. TEW;
BETTYE C. JACKSON; WILLIAM M. HARVEY; SANCHEZ J. CLAYTON;
MICHAEL GRIFFIN; JOHN T. STEWART; MEARLON COLEMAN; LAURA
CHIASSON; JERRY M. SIMMONS; MARCUS HOPSON; TYRONE A.
JOHNSON; RODNEY M. STRICKLAND; DURLAND YOUNG; ALL
PLAINTIFFS; RALPH L. SIMPSON,

Plaintiffs - Appellants

v.

SECURIGUARD, INCORPORATED; PATRICIA MARVIL; JOHN
OXENDINE; OSCAR J. HOLT,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi

Before REAVLEY, PRADO, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

Meal breaks have been a cherished feature of the American workday since the Industrial Revolution transformed the life of workers more than a century ago. *See generally Lunch Hour NYC*, New York Public Library (June 22, 2012), http://www.nypl.org/audiovideo/lunch-hour-nyc (detailing the evolution of fixed meal hours since their introduction in the mid-1800s).

No. 14-60637

Department of Labor regulations generally exempt meal breaks from pay requirements but specify that such breaks ordinarily last at least thirty minutes. The employer in this case scheduled thirty-minute breaks for meals but imposed traveling obligations that ate into the employees' time for meals. We must decide if a jury could find that, because of these obligations, the breaks are more like mere rest periods and thus compensable under the Fair Labor Standards Act.

## I

Access to Naval Air Station Meridian is controlled by several gates located across the base. The United States Navy contracted with Defendant Securiguard, Inc. to provide guards for each gate, and Securiguard hired the plaintiffs to fill those positions. During the years at issue in this lawsuit, the guards usually worked eight-hour shifts with two scheduled thirty-minute meal breaks. Each meal break began when a Securiguard "relief officer" arrived at the gate in a company car. The guard then had thirty minutes to spend away from the guard post. During the break, the guards were required to remain armed and in uniform, which included a bulletproof vest.

Although the guards expressed a desire to eat at the gate or while sitting in the parked company car during the break, Securiguard—apparently fearful that the Navy would see the guards eating and believe they were shirking their security duties—prohibited them from doing so.[1] Securiguard instead required the guards to travel to a designated break area on the base. The time required to reach the closest area varied depending on where the guard was stationed and which shift the guard was working. At the low end, guards posted at the "truck gate" could walk to a storage unit just a few yards

---

[1] Securiguard submitted an affidavit from the plaintiffs' manager that the guards could sit in the parked car during the break. Plaintiff Donald Naylor's affidavit contradicts that assertion, and the summary judgment posture of this case dictates that we resolve the dispute in favor of the plaintiffs.

2

away; guards posted at the "main gate" could drive less than a minute to the base security building; and guards posted at the "flightline gate" between 6:00 a.m. and midnight could go across the street to a fire station. At the high end, guards posted at the "housing gate" or working the graveyard shift at the flightline gate had an eleven or twelve minute roundtrip drive between the nearest location where they could eat. [2] The guards were required to use the company car to reach the locations not within walking distance, and while in the vehicle they were prohibited from eating, drinking, smoking, or talking on their cell phones.

Treating each thirty-minute break as a "bona fide meal period" for which the Fair Labor Standards Act (FLSA) does not require compensation, 29 C.F.R. § 785.19, Securiguard did not compensate the guards for this time.

In 2010, the Department of Labor investigated Securiguard and partially disagreed with that determination. It assessed a civil penalty based on its conclusion that one meal break was compensable because it took place outside a regular meal time. Securiguard maintained that its pay practice was correct but changed its policy from that point forward to allow the guards to take a single sixty-minute break rather than two thirty-minute breaks.

The agency investigation did not result in an award of back wages, and more than thirty guards brought this case under the FLSA seeking such

---

[2] Guards on certain shifts could also drive to restaurants located on the base, although they were farther than the closest option for each gate. The drive time to base restaurants, because it was longer than the drive time to the nearest possible location where the guards were permitted to eat, does not factor into our analysis. Most employees have the option of choosing to walk or drive to a restaurant for lunch. Or an employee might choose not to eat at all and just go for a thirty-minute walk. That exercise of the employee's freedom during a meal break is, of course, different than an employer requirement that an employee travel to a separate location before she is allowed to eat. In this opinion, we are concerned only with that latter situation.

damages.[3]  As this case seeks only retrospective relief, it focuses solely on the thirty-minute meal periods that Securiguard no longer provides.  Neither side advances the position taken by the Department of Labor or otherwise distinguishes between the two meal breaks; the guards argue that both meal breaks qualifed as compensable time, whereas Securiguard contends that neither did.

The district court granted Securiguard's motion for summary judgment. It held that the FLSA requires compensation for a meal break only when an employer imposes "substantial duties or restrictions" during the designated time.  Reasoning that "requiring employees to use company vehicles on lunch breaks can hardly be construed as a work duty" and that the company inured no benefit from the meal break, the district court found Securiguard's restrictions too insubstantial to make the break compensable.[4]  *Naylor v. Securiguard, Inc.*, 2014 WL 1882442, at *3 (S.D. Miss. May 12, 2014).

---

[3] In addition to suing Securiguard, the guards also brought claims against John Oxendine, their Securiguard manager, and Patricia Marvil, Securiguard's president. Because neither Oxendine nor Marvil make any arguments for why they should be treated differently than Securiguard, we refer to the defendants collectively as "Securiguard."  The claims against Oscar Holt, who is a named defendant but was never served, are not before us on appeal.

[4] The district court also assumed that the guards could schedule the thirty-minute breaks back-to-back for a full hour of break time.  The parties agree this was an erroneous reading of the record.  We find, however, that the incorrect assumption about the length of the breaks does not itself merit reversal because the district court also based its reasoning on the nature of the restrictions.  *See Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014) (holding that we may "affirm on any ground supported by the record . . . so long as the argument was raised below").

No. 14-60637

## II

Department of Labor regulations, which neither side contends are unreasonable interpretations of the FLSA in this area, divide workplace breaks into two worlds.  First are "rest breaks" (often called "coffee breaks") for which an employee must be paid:

> [*Rest*.] Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked.

29 C.F.R. § 785.18.  Second are "meal periods" for which an employee need not be paid:

> *Bona fide meal periods*. Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. . . . Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions.

*Id.* § 785.19.  The regulations thus make the duration of the break the key factor in whether it is classified as the shorter, compensable "rest break" or the longer, noncompensable "meal period."  The reason for the temporal distinction is that a shorter break is deemed to predominately benefit the employer by giving the company a reenergized employee.  *See id.* § 785.18.

In setting the time away from the guard station at thirty minutes, Securiguard attempted to meet the threshold time at which a break is ordinarily treated as a noncompensable meal period.  But the guards argue that the employer-mandated travel time before they were allowed to eat shortens the break to a time period that no longer qualifies as noncompensable.

A meal break often does not allow for eating during the entire break; some time may be needed to move to another area of the workplace or to leave the workplace.  Although office workers are usually free to eat at their

5

desks and thus take full advantage of a thirty-minute break (to the extent one can be on "break" at her desk), employees on the factory floor usually must move to a "break room" before eating due to safety concerns.  Or, closer to the situation in this case, retail employees may have to move off the sales floor so customers do not see them munching on a sandwich or slurping soup near the merchandise.  To the extent this transition time amounts to no more than a couple of minutes, it is incidental and does not undermine the noncompensable nature of the break.  *See Henson v. Pulaski Cty. Sheriff Dep't*, 6 F.3d 531, 534 (8th Cir. 1993) (recognizing that the standard for a sufficient meal break is flexible and must accommodate for "the nature of the business involved").  This is the case for the two-minute round trip to a break area when employees were working at the main gate (a one-minute drive to the security building), truck gate (a one-minute walk to the storage unit), or flightline gate between 6:00 a.m. and midnight (a one-minute walk to the fire station).  We will thus affirm the grant of summary judgment for these breaks.

At some point, however, employer-mandated transition time becomes substantial enough that it may make the break more like the shorter "rest" period.  Consider a situation in which an employee is relieved from a duty station for thirty minutes but spends twenty-five of those minutes in company transportation traveling to and from a break room.  Would anyone reasonably contend that the remaining five minutes during which the employee is allowed to eat—hardly enough time to even scarf down a sandwich and take a few gulps of a drink—renders the entire thirty minutes a "bona fide meal break"?  Although not as extreme a situation, the ten and

twelve minute round-trip drive times at the housing and flightline[5] gates cut into the employee's eating time enough to raise doubts about whether the entire period qualifies as noncompensable.

We have never addressed this question about the legal effect of employer-mandated travel time that significantly eats into an otherwise noncompensable thirty-minute meal period. The closest case addressed the compensability of twenty-minute meal breaks given to police officers after they arrived at a location where they could eat. *See Lee v. Coahoma Cty.*, 937 F.2d 220, 225 (5th Cir. 1991). *Lee*, which relied in part on FLSA regulations specific to law enforcement officers, affirmed a ruling reached after trial that the breaks qualified as bona fide meal periods. *Id.* (refusing to find clear error in the trial court's finding that the shortness of the breaks made them compensable). It does not, however, dictate a ruling here that judgment as a matter of law was appropriate on an issue that we have often pointed out may be heavily factbound and thus, as in *Lee*, "is ordinarily resolved by the trier of fact after hearing all of the evidence." *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 265 (5th Cir. 1998). Most notable among the factual distinctions, in *Lee* the "deputies did not log off until they had arrived at their chosen eating place[,] and were therefor compensated for traveling to their destination," which is what led us to conclude that the "usual thirty minute threshold [was] inapplicable." *Lee*, 936 F.2d at 225.

In analyzing this different situation in which Securiguard treated the entire period of the break—both the travel time and time during which the guards could eat—as noncompensable, we consider our meal period cases since *Lee*. They have established a framework to analyze the compensability

---

[5] All references to the flightline gate from this point forward refer to the shift between midnight and 6:00 a.m., when the fire station was not available as a break location.

of meal breaks but have also arisen in significantly different factual contexts. The typical meal break case involves a situation in which the employee is generally allowed to eat during the entire break period but continued to be "on call" or otherwise incur work responsibilities during the period. For example, our leading case on meal breaks arose from the employer requiring its maintenance workers to handle any repair issues that arose during their breaks. *Bernard*, 154 F.3d at 262–63. Another case stemmed from restrictions on firefighters' dress and use of city-owned automobiles during the meal break. *Alvarez v. City of El Paso*, 2002 WL 334630, *1 (5th Cir. 2002). In these cases, we held that "[t]he critical question is whether the meal period is used predominantly or primarily for the benefit of the employer or for the benefit of the employee." *Bernard*, 154 F.3d at 264–65 (referring to this inquiry as "the predominant benefit test"). This test considers "whether the employees are subject to real limitations on their personal freedom which inure to the benefit of the employer; whether restrictions are placed on the employee's activities during those times . . .; whether the employee remains responsible for substantial work-related duties; and how frequently the time is actually interrupted by work-related duties." *Id.* at 265.

The district court applied the predominant benefit test in concluding that the guards predominately benefited from the meal break despite being required to spend a significant amount of time driving away from their duty station. *Naylor*, 2014 WL 1882442, at *3 (reasoning that "requiring employees to use company vehicles on lunch breaks can hardly be construed as a work duty" and the company inured no benefit from the meal break). In doing so, the district court attempted to fit this case within the line of "predominant benefit" cases finding that restrictions such as those requiring that an employee stay in uniform during a meal break are nothing more than

No. 14-60637

"inconveniences, " *Alvarez*, 2002 WL 334630, at \*1, as "the employee can use the time effectively for his or her own purposes," *Bernard*, 154 F.3d at 265–66 (defining this as the "critical issue")); *cf. Ruffin v. MotorCity Casino*, 775 F.3d 807, 812–15 (6th Cir. 2015) (holding that the employees failed to prove the meal break compensable despite restrictions that they stay in uniform, wear their equipment, remain on the premises, and infrequently respond to emergencies). This conclusion ignores that, at least if the evidence favoring the guards about their lack of freedom during the travel time is credited, they could not use more than a third of the meal periods still at issue for their own purposes.

How much of that employer-mandated travel time, during which the employee cannot do as she pleases, is enough to render a break a rest period instead of a meal period? Both parties contend that the predominant benefit test provides the answer, although it does not seem like a perfect fit for this situation. After all, the answer to the predominant benefit test may well be different for discrete portions of the thirty minutes—the driving time seems to benefit Securiguard with little employee freedom whereas the remaining time provided at least some benefit to the guards. Viewing the break as a single unit like Securiguard treated it,[6] the core concern is the same as it was in *Bernard* and the other cases dealing with meal breaks: how much time is available to the employees? In *Bernard*, the constraints on the employees' time resulted from frequent interruptions that lasted for various durations of time. 154 F.3d at 262-63 (stating the plaintiffs' meal breaks were "interrupted frequently by supervisors who often asked them to repair

---

[6] Neither side advances the position that the break might be only partially compensable, as was true in *Lee* where the travel time was paid. *See also Alvarez v. AMB-Trans, Inc.*, 2012 WL 5453518, at \*2, \*5 (W.D. Tex. Nov. 7 2012) (finding forty minutes of a sixty-minute break compensable because the plaintiffs could not use that time "effectively for their own purposes"). The district court may consider that possibility on remand.

9

equipment" or "to discuss the afternoon work schedule"). The same is true here, except that the "interruptions" happened more frequently—every meal break—and lasted a fixed period of time. A requirement that deprives the employee of the opportunity to eat during 40% of a thirty-minute break thus strikes at the heart of what we and other courts have recognized as the most important consideration: an employee's ability to use the time "for his or her own purposes." *Id.* at 265; *see Avery v. City of Talladega*, 24 F.3d 1337, 1347 (11th Cir. 1994) (focusing on whether the employees "are free to spend their meal breaks in any way they wish"). Unlike a requirement that the employee stay in uniform, or even one that may result in the employee having to perform a duty on rare occasions, a jury could find that preventing the employee from eating—ostensibly the main purpose of the break—for twelve out of thirty minutes during every break is a meaningful limitation on the employee's freedom. *See Lee*, 937 F.2d at 225 (holding that whether a twenty-minute break was sufficiently long was a question of fact); *see also Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1411 (5th Cir. 1990) (applying the predominant benefit test to waiting time and affirming the factual finding that "[w]aiting times ranging from fifteen minutes to forty-five minutes . . . were of such a short duration that Plaintiffs could not effectively use them for their own purposes"). The travel obligation thus cannot be deemed a mere "inconvenience" as a matter of law.

And if a jury concludes that the twelve minutes predominately benefited Securiguard, the additional problem for Securiguard is that the remaining portion of the meal period during which the employee could eat was only eighteen minutes, which falls under time thresholds at which a break is usually deemed a bona fide meal period. At only eighteen minutes, the break could be viewed as one that, like a morning coffee break, is primarily intended to "promote the efficiency of the [guards]" and thus

benefit the employer with rejuvenated and nourished employees, *see* 29 C.F.R. § 785.18, as opposed to a lengthier period of employee freedom during which the benefit to the employee predominates, *see id.* § 785.19.

This conclusion is supported by our cases holding that "predominant benefit" is typically a fact question on which the employer bears the burden.[7] *Bernard*, 154 F.3d at 265 ("Whether meal time is predominantly for the benefit of the employer is a question of fact that is ordinarily resolved by the trier of fact after hearing all of the evidence."); *see also Hartsell v. Dr. Pepper Bottling Co. of Tex.*, 207 F.3d 269, 274 (5th Cir. 2000) ("The 'predominant benefits test' is applied to determine who primarily benefits from the period. This is a question of fact. . . ."); *Lee*, 937 F.2d at 225 (deferring to the "district court's fact conclusion that the meal periods are not compensable"). Indeed, the impact of the travel restriction is not the only disputed fact that a jury could find material to the predominant benefit inquiry. We noted above a dispute about the extent to which the guards' freedom was limited while in the company car. *See Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 68-69 (2d Cir. 1997) (finding the meal break compensable partly "[b]ecause [the employer] required all workers to remain on-site" during the meal breaks).

We therefore AFFIRM summary judgment on the guards' claims based on the main gate, the truck gate, and the 6:00 a.m. through midnight shifts at the flightline gate when the mandatory commute time was de minimis.

---

[7] In some circuits, the employee has the burden to prove the time is compensable. *See, e.g., Hertz v. Woodbury Cty.*, 566 F.3d 775, 783–84 (8th Cir. 2009) ("Plaintiffs cite Fourth and Fifth Circuit case law as support for the proposition that the [employer] bears the burden because mealtimes qualify as an 'exemption' within the meaning of the FLSA. We are not persuaded . . . [m]ealtimes, then, are not exempt from compensation, but rather they are not compensable in the first instance."); *Myracle v. Gen. Elec. Co.*, 1994 WL 456769, *4 (6th Cir. 1994) ("[I]t is the employee who bears the burden of proving that he or she performs substantial duties and spends his or her meal time predominately for the employer's benefit.").

No. 14-60637

But because a jury could find that the remaining meal breaks did not allow enough time for the employees to use the break for their own purposes to qualify as noncompensable, we REVERSE the district court's grant of summary judgment and REMAND for further proceedings.